IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH ALEXANDER DANSBY                                          PLAINTIFF

v.                              Civil No. 4:22-cv-04106-SOH-BAB

SHERIFF DANNY MARTIN; STEVE OTWELL;
KAREN GHORMLEY; SERGEANT DAISY SMITH;
and CORRECTIONAL OFFICER CAMERON SHELTON               DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Before the Court is Defendant's Motion to Dismiss. (ECF No. 42).  Plaintiff has not responded and the time to do so has passed.

### I.     BACKGROUND

Plaintiff Joseph Alexander Dansby, Sr. filed this 42 U.S.C. § 1983 action *pro se* on October 31, 2022 in the Eastern District of Arkansas.  (ECF No. 1).  It was transferred to this Court on November 1, 2022 and the Court granted Plaintiff *in forma pauperis* status on November 15, 2024. (ECF Nos. 3, 8).  Plaintiff then filed an Amended Complaint on November 28, 2022.  (ECF No. 11). The Court then served Defendants, (ECF Nos. 12, 29), and provided the Defendants an opportunity to file motions for summary judgment on the issue of exhaustion, (ECF No. 35). Defendants did not seek summary judgment on exhaustion, and the Court entered an Initial Scheduling Order on October 30, 2023.  (ECF No. 39).

In the Initial Scheduling Order, Defendants were granted leave to depose Plaintiff during discovery. *Id*. at 2.  On March 28, 2024, Defendants filed a Motion to Dismiss.  (ECF No. 42).  In their Motion, Defendants state Plaintiff refused to participate in his deposition on February 21, 2024 and attached Plaintiff's deposition testimony in which he indicated he wanted to "drop the cases."  (ECF No. 42-1, p. 4).  Defense counsel then specifically asked Plaintiff if he wanted to "drop" 4:22-cv-04106-SOH-BAB and Plaintiff agreed.  Defendants move for dismissal without prejudice.  (ECF No. 42).

On April 18, 2024, the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss.  (ECF No. 43).  This Order was not returned as undeliverable mail and Plaintiff failed to respond.  Plaintiff has not communicated with the Court since January 12, 2024 when he notified the Court of his change of address.  (ECF No. 41).

## II.    DISCUSSION

As Plaintiff did not join in the Motion to Dismiss, the Court cannot construe it as a voluntary dismissal.  Instead, the Court construes Plaintiff's failure to participate in his deposition and failure to respond to Defendants' Motion to Dismiss as a failure to prosecute this matter.  Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here Plaintiff has failed to comply with the Court's Initial Scheduling Order, (ECF No. 39), and participate in discovery. Furthermore, Plaintiff has failed to respond to the Court's Order to respond to Defendants' Motion to Dismiss.

## III.    CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended Defendants' Motion to Dismiss (ECF No. 42) be **GRANTED** and Plaintiff's Amended Complaint (ECF No. 11) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 26th day of July 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE